UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAYVON HILL,

                Petitioner,

                                    CASE NO. 5:13-CV-12689

    v.                            JUDGE JOHN CORBETT O'MEARA

                                    MAGISTRATE JUDGE PAUL J. KOMIVES

MITCH PERRY,

                Respondent.

_____/

## REPORT AND RECOMMENDATION

*Table of Contents*

I.      RECOMMENDATION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
II.     REPORT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
     A.    *Procedural History* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1
     B.    *Factual Background Underlying Petitioner's Conviction* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4
     C.    *Standard of Review* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
     D.    *Denial of Line-up (Claim I)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9
     E.    *Sentencing (Claim II)* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
           1.    *Guideline Scoring* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10
           2.    *Inaccurate Information* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11
     F.    *Validity of Plea/Ineffective Assistance of Trial Counsel (Claims III-V)* . . . . . . . . . . . . . . . . . . . 13
           1.    *Clearly Established Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13
           2.    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
                a.  Withdrawal . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17
                b.  Failure to Obtain Discovery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20
     G.    *Ineffective Assistance of Appellate Counsel (Claim VI)* . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
     H.    *Recommendation Regarding Certificate of Appealability* . . . . . . . . . . . . . . . . . . . . . . . . . . . 22
           1.    *Legal Standard* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23
           2.    *Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24
     I.    *Conclusion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24
III.    NOTICE TO PARTIES REGARDING OBJECTIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

\*     \*     \*     \*     \*

I.      RECOMMENDATION: The Court should deny petitioner's application for the writ of habeas corpus and should deny petitioner a certificate of appealability.

II.     REPORT:

A.    *Procedural History*

1.   Petitioner Nayvon Hill is a state prisoner, currently confined at the Newberry Correctional Facility in Newberry, Michigan.

2.   On January 4, 2005, petitioner was convicted of unarmed robbery, MICH. COMP. LAWS § 750.530, pursuant to his no contest plea in the Saginaw County Circuit Court. On February 7, 2005, he was sentenced to a term of 14-30 years' imprisonment.

3.   Petitioner, through counsel, filed an application for leave to appeal in the Michigan Court of Appeals, raising the following claims:

I.   THE DEFENDANT'S RIGHT TO DUE PROCESS WAS VIOLATED AND HE IS ENTITLED TO REVERSAL OF HIS CONVICTION WHERE THE TRIAL COURT ERRED IN DENYING DEFENDANT'S REQUEST FOR A LINEUP, HOLDING THAT DEFENDANT HAD NO RIGHT TO A LINEUP BECAUSE A PARTIAL THUMBPRINT BELONGING TO DEFENDANT WAS FOUND ON THE OUTSIDE OF THE VICTIM'S CAR.

II.   THE DEFENDANT IS ENTITLED TO RESENTENCING WHERE HE WAS SCORED 10 POINTS FOR OV 4 AND THERE WAS NO EVIDENCE PRESENTED SHOWING THAT THE VICTIM SUFFERED PSYCHOLOGICAL INJURY REQUIRING PROFESSIONAL TREATMENT, THEREBY RESULTING IN A MINIMUM SENTENCE OUTSIDE OF THE SENTENCING GUIDELINE RANGE.

III.   THE TRIAL COURT ERRED IN NOT VACATING THE DEFENDANT'S PLEA IN ACCORDANCE WITH MCL 768.35 AFTER A NO CONTEST PLEA BASED ON A LACK OF MEMORY, WHERE DEFENDANT PROFFERED HIS INNOCENCE AT THE SENTENCING HEARING AND STATED THE REASONS THEREOF, THEREBY MAKING HIS PLEA UNKNOWING.

The court of appeals denied petitioner's application for leave to appeal in a standard order, "for lack of merit in the grounds presented." *People v. Hill*, No. 284188 (Mich. Ct. App. May 6, 2009).

4.   Petitioner sought leave to appeal these issues to the Michigan Supreme Court. The Supreme Court denied petitioner's application for leave to appeal in a standard order. *See People v. Hill*, 485 Mich. 898, 772 N.W.2d 424 (2009).

2

5.     Petitioner subsequently filed a motion for relief from judgment in the trial court pursuant to MICH. CT. R. 6.500-.508, raising the following claims:

I.     DEFENDANT WAS DENIED HIS STATE AND FEDERAL CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AND DUE PROCESS OF LAW THEREBY RENDERING HIS NOLO CONTENDERE PLEA INVALID WHERE HIS DEFENSE ATTORNEY FAILED TO ACT ON AN EVIDENTIARY MATTER RELATED TO THE STATE['S] ABILITY TO PROSECUTE DEFENDANT FOR THE CRIMES, AND HE WAS NOT ALLOWED TO EXAMINE OR TEST THE STATE'S FINGERPRINT EVIDENCE PRIOR TO ENTERING INTO HIS NOLO CONTENDERE PLEA, THEREFORE HE IS ENTITLED TO WITHDRAW HIS PLEA BECAUSE THE STATE FAILED TO TURN OVER THE FINGERPRINT EVIDENCE TO THE DEFENSE PRIOR TO THE PRELIMINARY EXAMINATION, AND THE PLEA HEARING, THUS, RENDERING DEFENSE COUNSEL INEFFECTIVE, AND FORCING DEFENDANT INTO A NOLO CONTENDERE PLEA.

II.    DEFENDANT WAS DENIED HIS STATE AND FEDERAL CONSTITUTIONAL RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WHERE HIS DEFENSE ATTORNEY FAILED TO FILE A MOTION FOR DISCOVER[Y] OF THE STATE['S] EVIDENCE, AFTER DEFENDANT HAD REQUESTED DEFENSE COUNSEL TO DO SO BUT HE DID NOT, AND THEREFORE DID NOT PROTECT DEFENDANT'S INTEREST IN BEING MISTAKENLY IDENTIFIED BY THE WITNESS WHERE THERE IS NO PRIOR DESCRIPTION FROM THE WITNESSES WHICH PHYSICALLY FITS THE DEFENDANT CONVICTED IN THIS CASE.

III.   DEFENDANT WAS DENIED HIS STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL WHERE COUNSEL FAILED TO PROPERLY PRESERVE[] ISSUES FOR APPELLATE REVIEW WITH THE SAGINAW COUNTY CIRCUIT COURT PRIOR TO FILING DEFENDANT'S APPLICATION FOR LEAVE TO APPEAL, AND FAILED TO RAISE THE DEADBANG WINNER ISSUES RAISED HEREIN, THEREFORE, CAUSE AND PREJUDICE IS ESTABLISHED AND DEFENDANT IS ENTITLED TO RELIEF FROM JUDGMENT ON GROUNDS RAISED.

On February 24, 2011, the trial court denied petitioner's motion for relief from judgment, concluding that petitioner's claims were subsumed by his guilty plea. *See People v. Hill*, No. 04-024952-FH-5 (Saginaw County, Mich., Cir. Ct. Feb. 24, 2011) [hereinafter "Trial Ct. op."].  The Michigan Court

of Appeals and Michigan Supreme Court denied petitioner's applications for leave to appeal in standard orders. *See People v. Hill*, 493 Mich. 967, 829 N.W.2d 235 (2013); *People v. Hill*, No. 308704 (Mich. Ct. App. Aug. 24, 2012).

6.      Petitioner, proceeding *pro se*, filed the instant application for a writ of habeas corpus on June 18, 2013. As grounds for the writ of habeas corpus, he raises the six claims that he raised in the state courts.

7.      Respondent filed his answer on December 26, 2013. He contends that petitioner's fourth and fifth claims are barred by petitioner's procedural default in the state courts, and that all of petitioner's claims are without merit.

8.      Petitioner filed a brief in support of his petition on February 19, 2014.

B.      *Factual Background Underlying Petitioner's Conviction*

Petitioner's conviction arises from the August 18, 2004, robbery of Barbara Kramer in Saginaw, Michigan. At the preliminary examination, the victim testified that she made a withdrawal from an ATM about 6:00 p.m. on that date. When she returned to her car, petitioner opened the driver's side door and threw her to the passenger side. Petitioner held her down and demanded the keys. She struggled with petitioner, and was able to honk the horn with her foot and throw the keys under the passenger seat. Petitioner took the $360.00 she had withdrawn, and left her vehicle. During the struggle, petitioner punched her in the nose, and the victim testified that she feared for her life during the encounter. The prosecutor also indicated that a thumbprint found on the door handle of the victim's car matched petitioner's thumbprint.

On January 4, 2005, the parties entered into a plea agreement pursuant to which petitioner would plead guilty to the charge of unarmed robbery (while acknowledging his status as a fourth habitual offender), in exchange for dismissal of the attempted carjacking charge. *See* Plea Tr., at 3.

4

Defense counsel indicated that he had discussed the agreement with petitioner. Petitioner would plead no contest based on lack of memory, with the preliminary examination transcript being used to establish a factual basis for the plea. *See id*. at 4. Petitioner indicated that he had discussed the agreement with counsel, and understood the nature of the charge against him. *See id*. at 5-6. The court advised petitioner of the rights he was waiving by pleading no contest, and petitioner acknowledged that he understood his rights and that he was waiving these rights by entering his plea. *See id*. at 6-10. The court reiterated the agreement that had been placed on the record, and petitioner, defense counsel, and the prosecutor indicated that the court's statement of the agreement reflected their understanding. *See id*. at 10-11. Petitioner denied that any promises or threats had been made to induce his plea, and defense counsel and the prosecutor denied knowledge of any such threats or promises. *See id*. at 11. Relying on the preliminary examination to establish a factual basis for the plea, the court accepted petitioner's plea. *See id*. at 12.

C.     *Standard of Review*

Because petitioner's application was filed after April 24, 1996, his petition is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See Lindh v. Murphy*, 521 U.S. 320, 326-27 (1997). Amongst other amendments, the AEDPA amended the substantive standards for granting habeas relief by providing:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

5

28 U.S.C. § 2254(d).

"[T]he 'contrary to' and 'unreasonable application' clauses [have] independent meaning." *Williams v. Taylor*, 529 U.S. 362, 405 (2000); *see also*, *Bell v. Cone*, 535 U.S. 685, 694 (2002). "A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams*, 529 U.S. at 405-06); *see also*, *Early v. Packer*, 537 U.S. 3, 8 (2002); *Bell*, 535 U.S. at 694. "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also*, *Bell*, 535 U.S. at 694. However, "[i]n order for a federal court to find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also*, *Williams*, 529 U.S. at 409. As the Supreme Court has explained, the standard for relief under § 2254(d) "is difficult to meet, [and] that is because it was meant to be." *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011). As the Court explained, "[s]ection 2254(d) reflects the view that habeas corpus is a 'guard against extreme malfunctions in the state criminal justice system,' not a substitute for ordinary error correction through appeal." *Id*. (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in the judgment)). Thus, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there

was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. at 786-87.

By its terms, § 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with "clearly established federal law as determined by the Supreme Court." Thus, "§ 2254(d)(1) restricts the source of clearly established law to [the Supreme] Court's jurisprudence." *Williams*, 529 U.S. at 412. Further, the "phrase 'refers to the holdings, as opposed to the dicta, of [the] Court's decisions as of the time of the relevant state-court decision.' In other words, 'clearly established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by the Supreme Court at the time the state court renders its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003) (citations omitted) (quoting *Williams*, 529 U.S. at 412). The relevant "clearly established law" is the law that existed at the time of the last state court decision to issue a reasoned decision on the claim, *see Greene v. Fisher*, 132 S. Ct. 38, 44-45 (2011), and in evaluating the reasonableness of that decision a federal habeas court is limited to the record that was before the state court at the time of its decision, *see Cullen v. Pinholster*, 131 S. Ct. 1388, 1398-99 (2011).

Although "clearly established Federal law as determined by the Supreme Court" is the benchmark for habeas review of a state court decision, the standard set forth in § 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early*, 537 U.S. at 8; *see also*, *Mitchell*, 540 U.S. at 16. Further, although the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Phoenix v.*

*Matesanz*, 233 F.3d 77, 83 n.3 (1st Cir. 2000); *Dickens v. Jones*, 203 F. Supp. 2d 354, 359 (E.D. Mich. 2002) (Tarnow, J.).

The deferential standard of review set forth in § 2254(d) applies even though the Michigan Court of Appeals did not issue a reasoned decision. As the Supreme Court has explained, an unexplained summary order by a state court is presumed to be a rejection of the claims on the merits, and the petitioner bears the burden of demonstrating that the rejection was on some basis other than the merits. *See Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011). Here, there is no indication that the Michigan Court of Appeals denied petitioner's application for leave to appeal on any basis other than the merits. On the contrary, the court of appeals explicitly stated that its denial was "for lack of merit in the grounds presented," and the Michigan Court of Appeals has repeatedly held a denial on this basis is "a determination on the merits of the case." *Attorney Gen'l ex rel. Dep't of Treasury v. Great Lakes Real Estate Investment Trust*, 77 Mich. App. 1, 3, 257 N.W.2d 248, 249 (1977); *accord Hoye v. DMC/WSU*, No. 285780, 2010 WL 334833, at *1 (Mich. Ct. App. Jan. 28, 2010) (per curiam); *McCabe v. Miller & Assocs., L.L.P.*, No. 275498, 2007 WL 2935032, at *3 (Mich. Ct. App. Oct. 9, 2007) (per curiam); *People v. Douglas*, 122 Mich. App. 526, 530, 332 N.W.2d 521, 523 (1983). Accordingly, the Michigan Court of Appeals's denial of petitioner's application for leave to appeal "for lack of merit in the grounds presented" constitutes an adjudication on the merits for purposes of § 2254(d). *See Snyder v. Lafler*, No. 09-13773, 2011 WL 309056, at *3 (E.D. Mich. Jan. 27, 2011) (Roberts, J.).

D.    *Denial of Line-up (Claim I)*

Petitioner first contends that he was denied his right to due process of law by the trial court's denial of his request to participate in a line-up. This claim is without merit, for two reasons.

First, petitioner's claim was waived by his no contest plea. "It is well-settled that an

8

unconditional guilty plea constitutes a waiver of the right to appeal all nonjurisdictional antecedent rulings and cures all antecedent constitutional defects." *United States v. Lopez-Armenta*, 400 F.3d 1173, 1175 (9th Cir. 2005). As the Supreme Court has explained:

> A guilty plea represents a break in the chain of events which had preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267 (1973).[1] Petitioner's claim that the trial court erred in failing to afford him a corporeal line-up is an antecedent error that is waived by his guilty plea.

Second, it is well established that habeas corpus is not available to remedy a state court's error in the application of state law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). Regardless of whether state law conferred on petitioner a right to participate in a lineup, a criminal defendant "enjoys no constitutional right to participate in a corporeal lineup." *McMillian v. Berghuis*, No. 1:06-cv-057, 2009 WL 3877510, at *25 (W.D. Mich. Nov. 18, 2009); *see also*, *Morris v. Giurbino*, 162 Fed. Appx. 769, 771 (9th Cir. 2006) ("[T]he United States Supreme Court has never held that a criminal defendant has a constitutional right to a pretrial lineup"); *Reyes v. Slayton*, 341 F. Supp. 926, 927 (W.D. Va. 1972). Thus, petitioner is not entitled to habeas relief on this claim.[2]

---

[1]This rule applies equally to no contest pleas. *See Gomez v. Berge*, 434 F.3d 940, 942-43 (7th Cir. 2006).

[2]To the extent petitioner argues that the victim's in-court identification of him at the preliminary examination was impermissibly suggestive, his claim is likewise without merit. In *Perry v. New Hampshire*, 132 S. Ct. 716 (2012), the Court recently explained that the dangers of identification testimony are ordinarily to be combated by the safeguards inherent in the criminal justice system, including the rights of counsel, compulsory process and confrontation, and that reliability is determined by the finder of

E.      *Sentencing (Claim II)*

Petitioner next contends that the trial court improperly scored Offense Variable 4 (OV-4) in computing his sentencing under the Michigan sentencing guidelines. The Court should conclude that petitioner is not entitled to habeas relief on this claim.

1.      *Guideline Scoring*

Petitioner's claim that the trial court erred in scoring OV-4 is not cognizable on habeas review. It is well established that a habeas petitioner's claim that the trial court violated state law when sentencing him is not cognizable in habeas corpus proceedings. *See Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988); *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987). Federal habeas courts have no authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Department of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). Petitioner's claim that the court improperly scored or departed from the guidelines range raises issues of state law that are not cognizable on habeas review. *See Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (Gadola, J.) (claim that sentencing court departed from Michigan sentencing guidelines presents an

---

fact. A pretrial determination of reliability by the court is required only where the identification results from impermissibly suggestive pretrial procedures *arranged by the police. See id.* at 721 & n.1, 724-28, 730. Specifically, the Court held:

> When no improper law enforcement activity is involved, we hold, it suffices to test reliability through the rights and opportunities generally designed for that purpose, notably, the presence of counsel at postindictment lineups, vigorous cross-examination, protective rules of evidence, and jury instructions on both the fallibility of eyewitness identification and the requirement that guilt be proved beyond a reasonable doubt.

*Id.* at 721. Any identification of petitioner based on the victim's observation of petitioner in court at the preliminary hearing was not the result of impermissibly suggestive pretrial procedures. As the Supreme Court observed in *Perry*, "all in-court identification" "involve some element of suggestion." *Id.* at 727. Such identifications, however, do not require a pretrial determination of admissibility. *See id.*

issue of state law only and is, thus, not cognizable in federal habeas review); *Welch v. Burke*, 49 F. Supp. 2d 992, 1009 (E.D. Mich. 1999) (Cleland, J.) (same); *see also, Branan*, 851 F.2d at 1508 (claim that court misapplied state sentencing guidelines not cognizable on habeas review). Thus, petitioner is not entitled to habeas relief on his claims relating to the trial court's scoring of, or departure from, the Michigan sentencing guidelines.

Moreover, even if this claim were cognizable, petitioner cannot show that the trial court erred in scoring the guidelines. Petitioner challenges the scoring of OV-4. This offense variable requires the assessment of 10 points if "[s]erious psychological injury requiring professional treatment occurred to a victim." MICH. COMP. LAWS § 777.34(1)(a). "In making this determination, the fact that treatment has not been sought is not conclusive." MICH. COMP. LAWS § 777.34(2). Here, the victim testified that she feared for her life during the crime. At sentencing, the victim's daughter described the brutality of the attack and indicated that her mother "was a total mess." Sentence Tr., at 12. These statements from the victim regarding the psychological impact of the crime on her were sufficient to support the scoring of OV-4. *See People v. Gibbs*, 299 Mich. App. 473, 493, 830 N.W.2d 821, 831 (2013); *People v. Williams*, 298 Mich. App. 121, 124, 825 N.W.2d 617, 673 (2012).

2. *Inaccurate Information*

Petitioner also contends that the scoring of OV-4 was based on inaccurate information. The Court should reject this claim. In *Townsend v. Burke*, 334 U.S. 736 (1948), and *United States v. Tucker*, 404 U.S. 443 (1972), "the United States Supreme Court invalidated defendants' sentences because they were imposed by trial courts in reliance upon material false assumptions of fact." *Eutzy v. Dugger*, 746 F. Supp. 1492, 1504 (N.D. Fla. 1989) (discussing *Townsend* and *Tucker*); *accord Stewart v. Peters*, 878 F. Supp. 1139, 1144 (N.D. Ill. 1995) (same). *See generally*, *Tucker*, 404 U.S. at 448-49; *Townsend*, 334 U.S. at 740-41. It is well established, however, that a *Tucker* violation

11

arises only where the improper information "actually served as the basis for the sentence." *United States v. Jones*, 40 Fed. Appx. 15, 17 (6th Cir. 2002) (internal quotation omitted); *see also*, *Lechner v. Frank*, 341 F.3d 635, 639 (7th Cir. 2003); *United States v. Johnson*, 767 F.2d 1259, 1276 (8th Cir. 1985). "A sentencing court demonstrates reliance on misinformation when the court gives 'explicit attention' to it, 'found[s]' its sentence 'at least in part' on it, or gives 'specific consideration' to the information before imposing sentence." *Lechner*, 341 F.3d at 639 (quoting *Tucker*, 404 U.S. at 444, 447). Thus, to be entitled to habeas relief on this claim  petitioner "must show that the sentencing court actually relied on this information and that it was materially false." *Hanks v. Jackson*, 123 F. Supp. 2d 1061, 1074 (E.D. Mich. 2000) (Gadola, J.).

Here, petitioner's challenge is not to the accuracy of the information relied upon by the trial court. Rather, he contends that the facts relied upon by the trial court were insufficient as a legal matter to support the trial court's scoring of OV-4. As noted above, the legal sufficiency of the facts to support the scoring of an offense variable is a question of state law which is not cognizable on habeas review. *See Norton v. Lafler*, No. 08-12797, 2010 WL 5672743 (Apr. 19, 2010) (Komives, M.J.), *magistrate judge's report adopted*, 2011 WL 318099, at *2 (E.D. Mich. Jan. 31, 2011) (Hood, J.); *Southward v. Warren*, No. 2:08-CV-10398, 2009 WL 6040728, at *19 (July 24, 2009) (Komives, M.J.), *magistrate judge's report adopted*, 2010 WL 733035, at *2 (E.D. Mich. Feb. 26, 2010) (Steeh, J.). At best, petitioner's argument boils down to a dispute over the trial court's resolution of factual questions. However, this is insufficient to establish that he was sentenced on the basis of material false information in violation of her right to due process under *Townsend* and *Tucker*. As the Court made clear in *Townsend*, an alleged error by the trial court in resolving a disputed factual question at sentencing does not constitute reliance on materially false information:

Nor do we mean that mere error in resolving a question of fact on a plea of guilty by

> an uncounseled defendant in a non-capital case would necessarily indicate a want of due process of law. Fair prosecutors and conscientious judges sometimes are misinformed or draw inferences from conflicting evidence with which we would not agree. But even an erroneous judgment, based on a scrupulous and diligent search for truth, may be due process of law.

*Townsend*, 334 U.S. at 741.  "Thus, what is essential is that the sentencing judge decide upon the sentence after being made aware of all exculpatory evidence and of the defendant's version of the story."  *United States v. Von Saltzer*, 532 F. Supp. 584, 586 (D. Nev. 1982).  Here petitioner, through counsel, had the opportunity to object to the scoring of the offense variables.  The trial judge, based on the information available, drew inferences from the facts and made factual findings.  While petitioner disputes those findings, he has offered nothing to show that they were materially false.  Thus, he has failed to establish a due process violation under *Townsend*, and the Court should conclude that petitioner is not entitled to habeas relief on this claim.

F.   *Validity of Plea/Ineffective Assistance of Trial Counsel (Claims III-V)*

In his third through fifth claims, petitioner raises various challenges to the validity of his plea and to the effectiveness of counsel's assistance.  The Court should reject these claims.

1.   *Clearly Established Law*

A plea of guilty is valid if it is entered voluntarily and intelligently, as determined under the totality of the circumstances.  *See Brady v. United States*, 397 U.S. 742, 748-49 (1970); *King v. Dutton*, 17 F.3d 151, 153 (6th Cir. 1994).  The Constitution requires, for a plea to be valid, that the defendant be informed of all direct consequences of his plea.  *See Brady*, 397 U.S. at 755; *King*, 17 F.3d at 153.  A solemn declaration of guilt by the defendant carries a presumption of truthfulness.  *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *Henderson v. Morgan*, 426 U.S. 637, 648 (1976).  "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."

13

*Blackledge*, 431 U.S. at 74.  Where the defendant "was fully aware of the likely consequences when he pleaded guilty[,] it is not unfair to expect him to live with those consequences[.]"  *Mabry v. Johnson*, 467 U.S. 504, 511 (1984).  Thus,

> [i]t is well settled that a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked. It is also well settled that plea agreements are consistent with the requirements of voluntariness and intelligence--because each side may obtain advantages when a guilty plea is exchanged for sentencing concessions, the agreement is no less voluntary than any other bargained-for exchange.

*Id*. at 508 (footnotes omitted).  Petitioner does not contend that he was coerced into pleading guilty or that the decision was not his own, nor could he given that he stated at the plea hearing that he had not been threatened or coerced into pleading guilty.  *See Blackledge*, 431 U.S. at 74 ("Solemn declarations in open court carry a strong presumption of verity.  The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.").  As a number of Judges of this Court have observed:

> When a petitioner brings a federal habeas petition challenging his plea of guilty (or no contest), the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. The factual findings of a state court that the guilty plea was properly made are generally accorded a presumption of correctness. Petitioner must overcome a heavy burden if the federal court is to overturn these findings by the state court. . . . Additionally, a habeas petitioner bears a heavy burden of rebutting the presumption that his or her guilty plea, as evidenced by the plea colloquy, is valid.

*Shanks v. Wolfenbarger*, 387 F. Supp. 2d 740, 749 (E.D. Mich. 2005) (Gadola, J.) (citations omitted); *accord Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 651-52 (E.D. Mich. 2002) (Friedman, J.); *Hastings v. Yukins*, 194 F. Supp. 2d 659, 669 (E.D. Mich. 2002) (Cleland, J.); *Holtgreive v. Curtis*, 174 F. Supp. 2d 572, 586 (E.D. Mich. 2001) (Hood, J.); *Myers v. Straub*, 159 F. Supp. 2d 621, 626 (E.D. Mich.2001) (Steeh, J.).  In short where, as here, "the court has scrupulously followed the required

14

procedure, the defendant is bound by his statements in response to that court's inquiry." *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999) (internal quotation omitted).

The Sixth Amendment right to counsel and the right to effective assistance of counsel protect the fundamental right to a fair trial. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish the ineffective assistance of counsel, petitioner must show that: (1) counsel's errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment;" and (2) counsel's deficient performance prejudiced the defense. *Id*. at 687. These two components are mixed questions of law and fact. *Id*. at 698. Further, "[t]here is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one." *Id.* at 697. If "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." *Id.* With respect to the performance prong of the *Strickland* test, a strong presumption exists that counsel's behavior lies within the wide range of reasonable professional assistance. *See id*. at 689; *see also O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994). "[D]efendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland*, 466 U.S. at 689 (citation omitted). "[T]he court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 690. With respect to the prejudice prong, the reviewing court must determine, based on the totality of the evidence before the factfinder, "whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id*. at 695. It is petitioner's burden to establish the elements of his ineffective assistance of counsel claim. *See United States v. Pierce*, 63 F.3d 818, 833 (6th Cir. 1995) (petitioner bears the burden of establishing counsel's ineffectiveness); *Lewis v. Alexander*, 11 F.3d 1349, 1352

(6th Cir. 1993) (same).

As the Supreme Court has recently explained, *Strickland* establishes a high burden that is difficult to meet, made more so when the deference required by § 2254(d)(1) is applied to review a state court's application of *Strickland*:

> "Surmounting Strickland's high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. ----, ----, 130 S.Ct. 1473, 1485, 176 L.Ed.2d 284 (2010). An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the Strickland standard must be applied with scrupulous care, lest "intrusive post-trial inquiry" threaten the integrity of the very adversary process the right to counsel is meant to serve. *Strickland*, 466 U.S., at 689-690, 104 S.Ct. 2052. Even under *de novo* review, the standard for judging counsel's representation is a most deferential one. Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge. It is "all too tempting" to "second-guess counsel's assistance after conviction or adverse sentence." *Id*., at 689, 104 S.Ct. 2052; *see also Bell v. Cone*, 535 U.S. 685, 702, 122 S.Ct. 1843, 152 L.Ed.2d 914 (2002); *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). The question is whether an attorney's representation amounted to incompetence under "prevailing professional norms," not whether it deviated from best practices or most common custom. *Strickland*, 466 U.S., at 690, 104 S.Ct. 2052.
>
> Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult. The standards created by *Strickland* and § 2254(d) are both "highly deferential," *id*., at 689, 104 S.Ct. 2052; *Lindh v. Murphy*, 521 U.S. 320, 333, n. 7, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997), and when the two apply in tandem, review is "doubly" so, *Knowles*, 556 U.S., at ----, 129 S.Ct. at 1420. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. 556 U.S., at ----, 129 S.Ct. at 1420 . Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied Strickland's deferential standard.

*Harrington v. Richter*, 131 S. Ct. 770, 788 (2011).

The Sixth Amendment right to counsel extends to the plea bargaining process, and thus "[d]uring plea negotiations defendants are 'entitled to the effective assistance of competent counsel.'" *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012) (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)) "'[T]he two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on

16

ineffective assistance of counsel.'" *Id.* (quoting *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)); *see also*, *Missouri v. Frye*, 132 U.S. 1399, 1406 (2012). However, the *Strickland* standard is particularly rigorous in the plea bargaining context. Because "[p]lea bargains are the result of complex negotiations suffused with uncertainty . . . [in which] defense attorneys must make careful strategic choices in balancing opportunities and risks," "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage." *Premo v. Moore*, 131 S. Ct. 733, 741 (2011). Further, to demonstrate prejudice as a result of counsel's performance with respect to the entry of a guilty plea, petitioner must "demonstrate 'a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Id.* at 743 (quoting *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)).

    2.    *Analysis*

*a. Withdrawal*

In his third claim, petitioner contends that he should have been permitted to withdraw his plea based on his post-plea assertion of innocence at the sentencing hearing. This claim is not cognizable on habeas review. A writ of habeas corpus may be granted "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Thus, the existence of new evidence, standing alone, is not a basis for granting the writ. As the Supreme Court has explained: "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see also*, *id.* at 404 (claim of actual innocence is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise [procedurally] barred *constitutional* claim considered on the merits.") (emphasis added); *Schlup v. Delo*, 513 U.S.

298, 314-16 (distinguishing, in part, *Herrera* because in this case the petitioner "accompanie[d] his claim of innocence with an assertion of constitutional error at trial."); *Townsend v. Sain*, 372 U.S. 293, 317 (1963) ("Of course, such evidence must bear upon the constitutionality of the applicant's detention; the existence merely of newly discovered evidence relevant to the guilt of a state prisoner is not a ground for relief on federal habeas corpus."), *overruled in part on other grounds*, *Keeney v. Tamayo-Reyes*, 504 U.S. 1 (1992).  Thus petitioner's assertion of innocence, standing alone, provides no basis for habeas relief.

Nor does petitioner's assertion of innocence after the plea was entered render involuntary his otherwise valid plea.  As another court observed long ago, there are "no cases which hold that denial of guilt, under oath, subsequent to the entry of a guilty plea but prior to sentencing renders the plea involuntary as a matter of constitutional law." *Hansen v. Mathews*, 296 F. Supp. 1398, 1331 (E.D. Wis. 1969), *aff'd*, 424 F.2d 1205 (7th Cir. 1970).  Although *Hansen* was decided nearly forty years ago, this observation holds true today.  It is well established that "factual guilt or innocence . . . is irrelevant to the question of whether [a defendant's] plea was voluntary." *United States ex rel. Smith v. Johnson*, 403 F. Supp. 1381, 1397 n.28 (E.D. Pa. 1975), *aff'd*, 538 F.2d 322 (3d Cir. 1976); *see also*, *Stewart v. Peters*, 958 F.2d 1379, 1385 (7th Cir. 1992) ("A guilty plea is no more involuntary because the defendant believes he is innocent than the settlement of a civil lawsuit is involuntary because the defendant refuses to admit liability and may believe in all sincerity that he is not liable in the least.").  Indeed, the Supreme Court has explicitly held that a criminal defendant may constitutionally enter a guilty plea even while protesting his innocence or declining to admit his commission of the crime. *See  North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970).  "Because a trial court may accept a guilty plea even when it is coupled with a claim of innocence, a fortiori a court is not required to permit withdrawal of that plea merely because a defendant belatedly asserts his

18

innocence." *Gunn v. Kuhlman*, 479 F. Supp. 338, 344 (S.D.N.Y. 1979) (footnotes omitted).

Nor can petitioner show a denial of his constitutional rights by the trial court's failure to allow him to withdraw his plea. Federal habeas courts have no authority to interfere with perceived errors in state law unless the petitioner is denied fundamental fairness in the trial process. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Serra v. Michigan Dep't of Corrections*, 4 F.3d 1348, 1354 (6th Cir. 1993). A criminal defendant has no constitutional right to withdraw a validly and voluntarily entered guilty plea. *See Chene v. Abramajtys*, No. 95-1491, 1996 WL 34902, at *2 (6th Cir. Jan. 29, 1996); *Metcalf v. Bock*, No. 00-10361-BC, 2002 WL 31749157, at *5 (E.D. Mich. Dec. 5, 2002) (Lawson, J.); *Freeman v. Muncy*, 748 F. Supp. 423, 429 (E.D. Va. 1990); *Williams v. Smith*, 454 F. Supp. 692, 696 (W.D.N.Y. 1978), *aff'd*, 591 F.2d 169 (2d Cir. 1979). Thus, the trial court's failure to allow petitioner to withdraw his plea under the governing state court rules does not state a cognizable basis for habeas relief.

Further, even under the standard applicable to pleas in federal court under FED. R. CRIM. P. 11, petitioner cannot show that he would be entitled to withdrawal of his plea. Under this standard, a claim of innocence alone does not entitle a defendant to withdraw his plea; rather, withdrawal is permitted only in the "most compelling of circumstances indicating the innocence of the defendant." *United States v. Tolson*, 372 F. Supp. 2d 1, 24 (D.D.C. 2005), *aff'd*, 264 Fed. Appx. 2 (D.C. Cir. Jan. 25, 2008); *see also*, *United States v. Robinson*, 498 F. Supp. 2d 328, 331-32 (D.D.C. 2007). To be entitled to withdrawal, a "defendant must come forward with some evidentiary support for his innocence." *United States v. Abdelhadi*, 327 F. Supp. 2d 587, 595 (E.D. Va. 2004); *see also*, *United States v. Hodges*, 259 F.3d 655, 661 (7th Cir. 2001). Here, petitioner does not have any evidentiary support for his claim of innocence other than his own denial of guilt and his assertion of what the evidence at trial might have shown. Accordingly, the Court should conclude that petitioner is not

entitled to habeas relief on this claim.

### b.  Failure to Obtain Discovery

In his fourth claim, petitioner contends that counsel was ineffective for failing to obtain a copy of the fingerprint results prior to petitioner entering his plea.  Petitioner contends that this result was the only evidence that could have supported a defense to the charges based on the victim's misidentification of petitioner as the perpetrator.  In his fifth claim, petitioner contends that counsel was ineffective for failing to file a motion for discovery.  The Court should reject these claims.[3]

As noted above, "it is petitioner's burden to establish the elements of his ineffective assistance of counsel claim."  *Pierce*, 63 F.3d at 833.  Thus, "[a] defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial."  *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989).  Here, apart from the fingerprint results, petitioner has not alleged what further investigation by counsel through the form of a discovery request would have revealed, nor how it would have altered his decision to plead no contest.  He does not suggest that discovery would have

---

[3]Respondent argues that these two claims are barred by petitioner's procedural default in the state courts.  Under the procedural default doctrine, a federal habeas court will not review a question of federal law if the state court's decision rests on a substantive or procedural state law ground that is independent of the federal question and is adequate to support the judgment.  *See Coleman v. Thompson*, 501 U.S. 722, 729 (1991).  However, "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the procedural bar."  *Harris v. Reed*, 489 U.S. 255, 263 (1989).  Here, it is not clear that the state courts invoked a procedural bar in denying these claims.  In deciding petitioner's motion for relief from judgment, the trial court quoted the language of MICH. CT. R. 6.508(D), including paragraph (D)(3), which bars a claim that could have been raised on direct appeal.  *See* Trial Ct. op., at 2.  However, the court then analyzed the merits of the claims, concluding that they were subsumed by petitioner's plea, and that petitioner had therefore "failed to meet his burden of establishing entitlement to relief from judgment under MCR 6.508(D)."  *Id.* at 3.  This language, the Sixth Circuit has held, is insufficient to clearly and expressly invoke the procedural bar of Rule 6.508(D)(3).  *See Guilmette v. Howes*, 624 F.3d 286, 291-92 (6th Cir. 2010) (en banc).  Accordingly, I address petitioner's claims on the merits.

revealed any specific exculpatory evidence that would have altered his assessment of the dangers and benefits of proceeding to trial rather than accepting the prosecutor's plea offer. With respect to the fingerprint report, the prosecutor represented at the preliminary examination that a copy of the report had been given to counsel, and that the report indicated that the thumbprint recovered from the victim's car matched petitioner's thumbprint. *See* Preliminary Exam. Tr., at 4. Petitioner has pointed to nothing in the record, or to any other evidence, suggesting that the fingerprint report was potentially exculpatory rather than inculpatory. Petitioner has therefore failed to meet his burden of establishing that counsel was ineffective for failing to either obtain a copy of the fingerprint report or seek unspecified discovery. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on these claims.

G.      *Ineffective Assistance of Appellate Counsel (Claim VI)*

Finally, petitioner contends that his appellate counsel was ineffective for failing to present on direct appeal the ineffective assistance of trial counsel claims that petitioner raised in his motion for relief from judgment. With respect to appellate counsel, it is well established that "appellate counsel . . . need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Smith v. Robbins*, 528 U.S. 259, 288 (2000) (citing *Jones v. Barnes*, 463 U.S. 745 (1983)). Although it is "possible to bring a *Strickland* claim based on counsel's failure to raise a particular claim, . . . it is difficult to demonstrate that counsel was incompetent." *Id*. As a general rule, it is "'only when ignored issues are clearly stronger than those presented [that] the presumption of effective assistance of counsel [can] be overcome.'" *Id*. (quoting *Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986)). Further, in the appellate counsel context, to demonstrate prejudice petitioner must show a reasonable probability that his claims would have succeeded on appeal. *See id*. at 285-86; *Benning v. Warden*, 345 Fed. Appx. 149, 155-56 (6th

Cir. 2009); *McCleese v. United States*, 75 F.3d 1174, 1180 (7th Cir. 1996). Here, petitioner cannot show that counsel was ineffective. Counsel raised significant claims on direct appeal, and as explained above each of petitioner's claims is without merit. Thus, petitioner cannot show that any of the omitted claims were clearly stronger than the claims counsel chose to pursue. Nor, for the same reason, can petitioner establish prejudice by showing a reasonable probability that the omitted claims would have succeeded on appeal. Accordingly, the Court should conclude that petitioner is not entitled to habeas relief on this claim.

H.    *Recommendation Regarding Certificate of Appealability*

1.    *Legal Standard*

As amended by the Antiterrorism and Effective Death Penalty Act, section 2253 provides that a petitioner may not appeal a denial of an application for a writ of habeas corpus unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). The statute further provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As the Sixth Circuit has noted, this language represents a codification of the Supreme Court's decision in *Barefoot v. Estelle*, 463 U.S. 880 (1983), and "[t]he AEDPA thus makes no change to the general showing required to obtain a certificate[.]" *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1073 (6th Cir. 1997); *accord Slack v. McDaniel*, 529 U.S. 473, 483 (2000). Although the statute does not define what constitutes a "substantial showing" of a denial of a constitutional right, the burden on the petitioner is obviously less than the burden for establishing entitlement to the writ; otherwise, a certificate could never issue. Rather, the courts that have considered the issue have concluded that "'[a] substantial showing requires the applicant to "demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues (in a different manner); or that the questions are adequate to deserve encouragement

22

to proceed further.""" *Hicks v. Johnson*, 186 F.3d 634, 636 (5th Cir. 1999) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 755 (5th Cir. 1996) (quoting *Barefoot*, 463 U.S. at 893 n.4)); *accord Slack*, 529 U.S. at 483-84.  Although the substantive standard is the same, "[t]he new Act does, however, require that certificates of appealability, unlike the former certificates of probable cause, specify which issues are appealable."  *Lyons*, 105 F.3d at 1073. (citing 28 U.S.C. § 2253(c)(3)).

Effective December 1, 2009, the newly created Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a), 28 U.S.C. foll. § 2254.  The rule tracks § 2253(c)(3)'s requirement that any grant of a certificate of appealability "state the specific issue or issues that satisfy the showing required by § 2253(c)(2)," Rule 11(a), but omits the requirement contained in the pre-amendment version of Federal Rule of Appellate Procedure 22(b)(1) that the court explain "why a certificate should not issue." FED. R. APP. P. 22(b)(1) (version effective prior to 2009 amendment); *see id.*, advisory committee note, 2009 amendments.  In light of the new Rule 11 requirement that the Court either grant or deny the certificate of appealability at the time of its final adverse order, I include a recommendation regarding the certificate of appealability issue here.

2.    *Analysis*

If the Court accepts my recommendation regarding the merits of petitioner's claims, the Court should also conclude that petitioner is not entitled to a certificate of appealability.  As explained above, it is clear that petitioner's plea withdrawal, sentencing, and line-up claims are not cognizable on habeas review, and thus the resolution of these claims is not reasonably debatable.  Further, as explained above, petitioner has failed to identify any evidence that further investigation by counsel would have uncovered that may have altered his decision to plead no contest, and thus it is not

23

reasonably debatable that petitioner has failed to carry his burden of demonstrating that counsel was ineffective. Finally, because the resolution of petitioner's trial counsel claims is not reasonably debatable, it follows that the resolution of petitioner's related appellate counsel claim is not reasonably debatable. Accordingly, the Court should deny petitioner a certificate of appealability.

I.      *Conclusion*

In view of the foregoing, the Court should conclude that the state courts' resolution of petitioner's claims did not result in a decision which was contrary to, or which involved an unreasonable application of, clearly established federal law. Accordingly, the Court should deny petitioner's application for the writ of habeas corpus. If the Court accepts this recommendation, the Court should also deny petitioner a certificate of appealability.

III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in FED. R. CIV. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). *Smith v. Detroit Federation of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than five (5) pages in length

unless by motion and order such page limit is extended by the Court.  The response shall address

specifically, and in the same order raised, each issue contained within the objections.


Date: April 18, 2014                                    s/Paul J. Komives_____
                                                        PAUL J. KOMIVES
                                                        UNITED STATES MAGISTRATE JUDGE


<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on April 18, 2014.


                                                        s/ Kay Doaks_____
                                                        Case Manager